UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| v. | §    Case No. SA-24-CR-522-DAE <br> § |
| JOSE DAVID MOYA-MOYA | § <br> § <br> § |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Jose David Moya-Moya has moved to dismiss Count Two of the indictment, charging him with possessing a firearm as an alien unlawfully in the United States. As Defendant concedes, his claims are foreclosed by Fifth Circuit precedent. His motion should be denied.

**I. BACKGROUND**

San Antonio Police Department officers conducted a traffic stop on a car in which Defendant was a passenger on September 14, 2024. SAPD recovered a pistol from Defendant's satchel during the stop. Defendant admitted he was delivering the gun to a criminal organization for use in a robbery. Records checks revealed Defendant was a citizen of Venezuela who had overstayed his parole into the United States and failed to report to immigration authorities.

On September 18, 2024, U.S. Magistrate Judge Henry J. Bemporad signed a criminal complaint and federal warrant for Defendant's arrest based on the offense of being an alien in unlawful possession of a firearm, pursuant to 18 U.S.C. Section 922(g)(5). Dkt. No. 1. Defendant entered federal custody the same day. A federal grand jury indicted Defendant on October 16, 2024, charging him with one count of firearm trafficking and one count of being an alien in possession of a firearm. Dkt. No. 14.

1

On May 20, 2025, Defendant moved to dismiss the second count of the indictment. Dkt. No. 32. He argues that 18 U.S.C. Section 922(g)(5) is unconstitutional under the Second Amendment, both facially and as applied to him. Alternatively, he argues that the statute exceeds congressional authority under the Commerce Clause of the Constitution.

## II. ANALYSIS

### A. Defendant's Second Amendment claim is foreclosed by Fifth Circuit precedent.

Defendant's Second Amendment challenge to Section 922(g)(5) is foreclosed by Fifth Circuit precedent. Prior to the Supreme Court's decision *in New York State Rifle & Pistol Association v. Bruen* decision, the Fifth Circuit held that "the phrase 'the people' in the Second Amendment . . . does not include aliens illegally in the United States." *United States v. Portillo-Muñoz*, 643 F.3d 437, 442 (5th Cir. 2011). Accordingly, the Fifth Circuit upheld Section 922(g)(5) as constitutional under the Second Amendment. *Id.* More recently, in *United States v. Medina-Cantu*, the Fifth Circuit iterated that the *Bruen* opinion did not abrogate this holding. 113 F.4th 537, 542 (5th Cir. 2024). It maintained that Section 922(g)(5) is still constitutional under the Second Amendment. *See id.* The Government respectfully asks this Court to hold likewise.

### B. Defendant's commerce clause claim is foreclosed by Fifth Circuit precedent.

Defendant's commerce clause challenge is also foreclosed by Fifth Circuit precedent. The Fifth Circuit has recognized, in the felon-in-possession context, that Section 922(g)(1) is a valid exercise of congressional authority under the commerce clause. *See United States v. Alcantar*, 733 F.3d 143,145 (5th Cir. 2013). Under the Fifth Circuit's "rule of orderliness, only an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent." *Id.* at 146. There is nothing in the *Bruen* decision that could be construed as changing this—that decision had nothing to do with the commerce power of

Congress. Precedent forecloses Defendant's commerce clause argument. *See United States v. Perryman*, 965 F3d 424, 426 (5th Cir. 2020).

### III. CONCLUSION

Defendant concedes that his arguments are foreclosed by this circuit's precedent. The Government prays that this Court reject Defendant's arguments and deny the motion.

Respectfully Submitted,

JUSTIN R. SIMMONS
United States Attorney

_____/s/_____
WILLIAM F. CALVE
Assistant United States Attorney
Texas State Bar No. 24096505
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7132

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I filed a true and correct copy of the foregoing instrument with the Clerk of the Court using the CM/ECF System, which will send notice of electronic filing to counsel for the defense, Roland Garcia.

_____/s/_____
WILLIAM F. CALVE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Case No. SA-24-CR-522-DAE |
| § | |
| JOSE DAVID MOYA-MOYA § | |
| § | |

### **ORDER**

On this date came to be considered Defendant's Motion to Dismiss. After careful consideration, the Court finds and **ORDERS** that Defendant's Motion be **DENIED**.

SIGNED this ___ day of _____, 2025

_____
HONORABLE DAVID ALAN EZRA
SENIOR UNITED STATES DISTRICT JUDGE

4